# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

GREGORY PEET, SR., )
)
Plaintiff, )
)
v. ) No. 1:24-CV-00094 SNLJ
)
CITY OF SIKESTON, MISSOURI, et al., )
)
Defendants. )

## MEMORANDUM AND ORDER

Before the Court is plaintiff's amended complaint, as well as defendants' motion to dismiss plaintiff's amended complaint. [ECF Nos. 12 and 13]. For the reasons set forth below, the Court will require plaintiff to submit a second amended complaint on a *Court-provided form*. This will be plaintiff's last chance to submit an amended pleading, **within twenty-one (21) days**, *in compliance with the Federal Rules of Civil Procedure and this Court's Local Rules*. His failure to comply with the Rules will result in a dismissal of this action, without prejudice. Because plaintiff will be required to amend his complaint, defendants' motion to dismiss will be denied.

### Background

Plaintiff, Gregory Peet, was ordered by this Court, to file an amended complaint, *on a Court-provided form*, on June 17, 2024. [ECF No. 11]. Although he filed an amended complaint on July 17, 2024, the amended complaint *was not on a Court-provided form*. [ECF No. 12]. Moreover, the amended complaint named eight defendants, and was fifty-

six (56) pages long. This prompted defendants to file a second motion to dismiss on July 22, 2024. [ECF No. 13].

As plaintiff is pursuing this action in forma pauperis, the Court is required to review his action preservice pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and for failure to state a claim. The Court reviewed the original complaint, which numbered one-hundred-thirteen (113) pages, pursuant to § 1915 on June 17, 2024. [ECF No. 11]. In that Memorandum and Order, the Court took time to recount plaintiff's allegations in a thirteen (13) page Order.

In the June 17, 2024 Memorandum and Order, the Court reviewed the original complaint and found that plaintiff's main disagreements in his action were with three (3) defendants: Roger Stewart, James McMillen and Tyler Rowe. Despite this fact, in his original complaint he had attempted to make numerous allegations against a plethora of defendants. Plaintiff was told that pursuant to Federal Rules of Civil Procedure 8 and 10, as well Federal Joinder Rules 18 and 20, he could not pack his complaint with claims that were not well-organized, set forth in plain statements, or which contained claims that were unrelated to one another. Moreover, the "kitchen-sink" approach was not only in direct contravention of the Rules of Civil Procedure, but also not countenanced by this Court. Therefore, the Court instructed plaintiff in the June 17, 2024 Memorandum and Order how to organize his amended complaint, *on a Court-provided form*, to comply with the Federal Rules of Civil Procedure.

As noted above, plaintiff filed his amended complaint on June 17, 2024. [ECF No. 12]. Despite this Court's attempt to set forth the standards of Rules 8, 10, 18 and 20 of the

2

Rules of Civil Procedure, as well as this Court's Local Rules, plaintiff not only failed to set forth his amended complaint on a *Court-provided form* as he was required to do, but he failed to set forth his fifty-six (56) page, three hundred and two (302) paragraph amended complaint in compliance with Rules 8 and 10. Plaintiff additionally failed to address the outcome of his prior state court case of *Peet v. Sikeston, et al.,* No. 22SO-CV00248 (33rd Jud. Cir., Scott County Court), which mirrored the present case. For these reasons, the Court will once again require plaintiff to submit an amended complaint, *on a Court-provided form*, in this action.

### Instructions for Filing Amended Complaint

Plaintiff is warned that the filing of a second amended complaint replaces the original and amended complaints, and so it must include all claims plaintiff wishes to bring. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005).

Plaintiff must submit the second amended complaint *on a Court-provided form*, and the second amended complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8 requires plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise and direct. Rule 10 requires plaintiff to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

In the "Caption" section of the second amended complaint, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff should

also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

In the "Statement of Claim" section, plaintiff should begin by writing a defendant's name. In separate, numbered paragraphs under that name, plaintiff should: (1) set forth the factual allegations supporting his claim against that defendant; (2) state what constitutional or federal statutory right(s) that defendant violated; and (3) state whether the defendant is being sued in his/her individual capacity or official capacity. If plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting his claim or claims against that defendant. No introductory or conclusory paragraphs are necessary.

If plaintiff is suing more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants belong in different suits. In other words, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

*Plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim or claims.* Plaintiff's failure to make specific and actionable allegations against any defendant will result in that defendant's dismissal from this case. "Liability

4

under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). The Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Plaintiff must explain the role of each defendant so that each defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim.").

Plaintiff must not amend a complaint by filing separate documents. Instead, he must file a single, comprehensive pleading that sets forth his claims for relief. If plaintiff fails to file an amended complaint on a Court-provided form within twenty-one (21) days in accordance with the instructions set forth herein, the Court may dismiss this action without prejudice and without further notice to plaintiff.

Last, plaintiff should indicate in his amended pleading how the state court case against defendants, *Peet v. Sikeston, et al.,* No. 22SO-CV00248 (33rd Jud. Cir., Scott County Court), was ultimately resolved on or about July 14, 2022. If some or all the claims in that case were dismissed, plaintiff must inform the Court of such in his amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's form Non-Prisoner Civil Complaint form.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this order, plaintiff must file a second amended complaint in accordance with the instructions herein.

**IT IS FURTHER ORDERED** that defendants' motion to dismiss [ECF No. 13] is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that plaintiff's failure to comply with this Order, the Federal Rules of Civil Procedure and this Court's Local Rules, will result in a dismissal of this action, without prejudice.

Dated this *30th* day of July, 2024.

_____
STEPHEN N. LIMBAUGH, JR
SENIOR UNITED STATES DISTRICT JUDGE